FILED
United States Court of Appeals
Tenth Circuit

April 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE A. MEREDITH,

Plaintiff - Appellant,

v.

BOARD OF COUNTY
COMMISSIONERS OF SHERIDAN
COUNTY, WYOMING; STEVE
BOND, in his capacity as Sheridan
County Building Inspector; ROD
LIESINGER, in his capacity as
Sheridan County Director of Public
Works,

Defendants - Appellees.

No. 14-8026
(D.C. No. 1:13-CV-00068-SWS)
(D. of Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL**, and **TYMKOVICH**, Circuit Judges.

George Meredith claims officials in Wyoming's Sheridan County violated

his equal protection and due process rights by using an unofficial map as the basis

for denying him permission to build a fence on his property. But to prevail on his

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

class-of-one equal protection claim, he had to identify other individuals who are similar in all material respects and who were treated differently for no objectively rational reason. He has not. And he forfeited his due process claim by failing to include appendix materials that would allow us to confirm he raised the due process claim below and by making cursory, unclear arguments on appeal.

Consequently, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the district court's grant of summary judgment.

## I. Background

Meredith began building a ninety-foot-long fence on one of his properties in Sheridan County, Wyoming in 2012. For flood insurance purposes, the County classifies some of its property under a series of Flood Insurance Rate Maps (FIR Maps). As relevant here, one FIR Map was adopted in 1986 and revised in 1998. When the events underlying the present claims occurred, a new, "preliminary" FIR Map, which last had been updated in May 2012, was pending official adoption. *See* App. 25, Att. 6; Supp. App. 7. The County decisions regarding Meredith's fence that required reference to a FIR Map were made based on the updated preliminary map, not the map adopted in 1986 and revised in 1998.

FIR Maps are divided into zones. Meredith's property is located in the preliminary map's Zone A, which is the primary flood-plain channel for drainage. The County has adopted "Flood Hazard Standards" governing construction in Zone A. Supp. App. 14. Those standards establish that "no man-made change to

improved or unimproved real estate, including but not limited to buildings or other structures . . . shall be commenced until a separate permit has been obtained from the designated responsible person for each change." *Id.* at 15.

When the County learned of Meredith's fence construction in May 2012, it became concerned the fence would impede water flow in the flood plain. Thus, a County Building Inspector informed Meredith he was in violation of county regulations and needed to either remove the fence, obtain a flood-plain permit for the fence, or "[o]pen up the bottom twelve inches" of the fence so water could flow freely. *Id.* at 8.

Meredith applied for a variance from the permit requirement and requested a hearing before the Board of County Commissioners. At the hearing, the Board denied a variance. He appealed that decision to the state district court, which affirmed the Board's decision. Meredith did not appeal further in the state system. Instead, he sued the Board, the inspector, and the County Director of Public Works under 42 U.S.C. §§ 1983 and 1985, alleging they violated, and conspired to violate, his rights under the Fourteenth Amendment's Equal Protection and Due Process Clauses.[1]

The district court granted the defendants' motion for summary judgment. Regarding the equal protection claim, the court concluded that (1) Meredith failed to identify any similarly situated persons who were treated differently, and (2) the

---

[1] As explained below, appellees dispute that he raised a due process claim.

Board had an objectively reasonable basis for denying the variance. Turning to due process, the court noted that Meredith had only cogently pleaded an equal protection claim, despite his suggestions otherwise in his response brief and oral argument before that court. Nevertheless, the court construed the suit as also raising a substantive due process claim and concluded no such claim was colorable. Finally, because no underlying constitutional violation had been shown, the court rejected the § 1985 conspiracy claim.

## II. Analysis

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. *Jarvis v. Potter*, 500 F.3d 1113, 1120 (10th Cir. 2007).

### A. Class-of-one Equal Protection Claim

The "paradigmatic" class-of-one case arises when "a public official inflicts a cost or burden on one person without imposing it on those who are similarly situated in material respects, and does so without any conceivable basis other than a wholly illegitimate motive." *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1209 (10th Cir. 2006). A claim fails if there is "either a rational basis for the [challenged] treatment" or "a material difference" between the plaintiff and others who were allegedly similarly situated. *Id.* at 1210.

In evaluating whether a rational basis exists, we "ask not whether the Defendants' proffered justifications were sincere, but whether they were

objectively reasonable." *Id.* at 1211. If the justifications were reasonable, "we do not inquire into the government actor's actual motivations." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011). And, at the summary judgment stage, identifying others who are similarly situated requires a plaintiff to "demonstrate similarity in all material respects." *Jicarilla Apache Nation*, 440 F.3d at 1212. The state has no "duty under a class-of-one analysis to . . . ferret out information about other parties who may or may not be similarly situated." *Id.* at 1211. That is the plaintiff's burden.

Meredith had to show that other individuals who are similar in all material respects were treated differently without justification. At the very least, this would include identifying specific other landowners in Zone A who were allowed to build a similar structure without getting a permit or who, despite being asked to get a permit, were issued a variance upon request. He does not even attempt to do so. He instead focuses on the County's use of the preliminary map, arguing in essence that using that map before its official adoption violated equal protection by violating best practice for use of such maps. Whether that actually deviates from best practice is disputed, but the answer would have no effect on the result here, because it has nothing to do with whether similarly situated individuals were treated differently.

Because Meredith has not "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which [he] carries the

burden of proof," *Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213, 1216–17 (10th Cir. 2008), the district court properly granted summary judgment on the class-of-one claim.[2]

### B. Due Process Claim

Meredith also appeals the district court's grant of summary judgment on his due process claim. The appellees argue he never raised a due process claim below. Unfortunately, Meredith has provided none of the materials necessary for us to determine whether he actually raised the claim (e.g., his complaint or filings in district court). This fails to comply with the Federal Rules of Appellate Procedure and this court's rules.[3] In the past, we have "decline[d] to consider" arguments where "the record [was] insufficient to determine whether [they were] raised below." *U.S. S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174, 1182 n.17 (10th Cir. 2006); *see also Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the

---

[2] There is thus no need to address the appellees' collateral-estoppel argument.

[3] *See* Fed. R. App. P. 10(a) (requiring that "the original papers . . . filed in the district court" be included in the record); 10th Cir. R. 10.3(A) ("Counsel must designate a record on appeal that is sufficient for considering and deciding the appellate issues."); *id.* 10.3(B) (noting this court "need not remedy any failure by counsel to designate an adequate record" and "may decline to consider" issues if "the party asserting [the] issue fails to provide a record sufficient" for considering it); *id.* 10.3(C) (requiring "[e]very record on appeal" to include "the last amended complaint and answer"); *id.* 10.3(D) (noting that "[w]hen the appeal is from an order disposing of a motion or other pleading" the "supporting documents . . . filed in connection with that motion or pleading . . . must be included in the record").

record is insufficient to permit review we must affirm."); *Dikeman v. Nat'l Educators, Inc.*, 81 F.3d 949, 954–55 (10th Cir. 1996) (declining to "address[] the substance of the plaintiffs' claim" where we were "not convinced that the plaintiffs adequately documented that this issue was preserved for appeal").

But even if we reached the issue, the claim lacks substance. Meredith simply repackages his objection to the preliminary map, now arguing that using the map denied him "due process of a fair hearing." Aplt. Br. at 44. His argument lacks citation to any relevant authority. Nor does it address how using the map violated due process, whether the due process claim is procedural or substantive, or even what he must show to prevail. We "routinely have declined to consider arguments that . . . are inadequately presented" in "an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104–05 (10th Cir. 2007) (holding that "cursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine"). We consider the argument forfeited.

Even so, our independent review of the allegations and law discloses no government conduct that "shocks the conscience" or "infringes upon a fundamental right," *Seegmiller v. LaVerkin City*, 528 F.3d 762, 768 (10th Cir. 2008), under substantive due process. Nor does it reveal that Meredith was denied "the opportunity to be heard at a meaningful time and in a meaningful manner," *McDonald v. Wise*, 769 F.3d 1202, 1212–13 (10th Cir. 2014) (internal

-7-

quotation marks omitted), or that receiving a variance is a property interest to which Meredith had a "legitimate claim of entitlement" if certain "substantive predicates [were] present," *Brown v. Eppler*, 725 F.3d 1221, 1226–27 (10th Cir. 2013), which forecloses a procedural due process claim.

### C.  Section 1985 Claim

Because there is no underlying constitutional violation, the district court correctly rejected the § 1985 claim. *See Jicarilla Apache Nation*, 440 F.3d at 1214.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge